[Civ. No. 2675.   Fourth Dist.   May 15, 1944.]

JAMES B. NOSSER, JR., as Administrator, etc., Appellant, v. P. W. McAULIFF, Respondent.

Wagy & Hulsy and H. R. Collins for Appellant.

Arthur J. Edwards for Respondent.

BARNARD, P. J.—This is an action to recover for services alleged to have been performed as a caretaker of a mining property under a memorandum dated March 9, 1936, which provided that the plaintiff, Charles Swanson, should receive certain wages "in event the mine is sold."

The action was begun on November 26, 1937. It was contended that a written instrument entitled "Bond-Lease" dated April 24, 1937, constitued a sale of the mine within the meaning of the memorandum. Under this instrument Arthur O. Borks and Nick Lippolis were given the right to take possession of the property and to remove ore therefrom, with the obligation to pay certain royalties. On a previous appeal (*Swanson* v. *McAuliff*, 40 Cal.App.2d 456 [104 P.2d 858]), this court held that this instrument constituted merely an option to purchase the property and the judgment was reversed since it appeared that, while the holders of the option had taken possession of the property and later given it up, there was no evidence that they had agreed to purchase or had become bound to pay for it.

On a retrial of the action an attempt was made to prove that the parties to the option agreement of April 24, 1937, had considered their arrangement as an actual sale of the property. The court found in all respects in favor of the defendant and a judgment was entered on February 18, 1941, from which the plaintiff appealed. Thereafter, the plaintiff died and the administrator of his estate has been substituted as the appellant herein.

It is first contended that the language used in a portion of the instrument dated April 24, 1937, shows that that instrument was "an agreement of sale, pure and simple." This contention overlooks other and controlling portions of that instrument and is without merit for the reasons pointed out on the prior appeal. ■ It is next urged that the court erred in making findings to the effect that the mine in question had not been sold by the respondent, and that nothing was due from the respondent to the original appellant, it being claimed that certain evidence indicates that the respondent intended that his transaction with Borks and Lippolis should constitute a sale of the mine. In support of this contention it is pointed out that the respondent testified that he had negotiated with various people, including Borks and Lippolis, relative to a sale of the mine; that Borks and Lippo-

lis filed an affidavit of work done on this mine, during the time they were in possession, in which they recited that they were the owners thereof; that Borks testified that on one occasion, in the presence of the respondent, he had told Mr. Swanson that the mine had been sold and that $300 had been paid as a first payment; and that Swanson testified that on one occasion the respondent told him that he had sold the mine.

Even if it could be assumed that this testimony was sufficient to show that a sale of the mine had taken place, within the meaning of the memorandum agreement, there would still remain a conflict in the evidence. It does not appear that the respondent ever read the work affidavit or knew that it contained a statement that Borks and Lippolis were owners of the mine. While the respondent admitted that he had received some $300 from Borks and Lippolis he testified that this was paid as royalties, and the option agreement provided for the payment of royalties which were to be applied on the purchase price if the option to purchase should be exercised. The respondent denied that he had told Mr. Swanson, or anyone else, that Borks and Lippolis were the owners of the mine and denied the material parts of the testimony relied upon by the appellant. He further testified to the effect that he had never sold the property in question and that he was still trying to sell it. In any event, the question was one of fact for the trial court and the material findings are supported by the evidence.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.